# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PSB PARTNERS, LLC, <br> a New Mexico limited liability company, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No.:  17-cv-4180 |
| v. | ) <br> ) | Hon. John Z. Lee |
| F. KENNETH BAILEY, JR., P.C., <br> a Texas professional corporation, and <br> F. KENNETH BAILEY, JR., an individual, | ) <br> ) <br> ) <br> ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO VACATE JUDGMENT BY CONFESSION AS VOID PURSUANT TO 735 ILCS 5/2–1301[*]

Suyash Agrawal
Hillary Weis Coustan
MASSEY & GAIL LLP
Cook County Firm No. 56232
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590 main
sagrawal@masseygail.com
hcoustan@masseygail.com

---

[*] This Motion was originally filed on May 22, 2017, in state court before this action was removed to this federal court.

DEFENDANTS F. Kenneth Bailey, Jr., P.C. ("Bailey P.C."), and F. Kenneth Bailey, Jr. (individually) ("Mr. Bailey") (together, in the singular, "Bailey"), pursuant to 735 ILCS 5/2–1301 ("§ 1301"), respectfully move to vacate the *Order of Judgment by Confession*, entered on April 20, 2017 in this action (the "Judgment by Confession").[1]

## INTRODUCTION

On April 3, 2017, Plaintiff PSB Partners, LLC ("PSB") initiated this action against Bailey for entry of a Judgment by Confession. The judgment purported to arise from a $2 million loan made by PSB in September 2013. Although Bailey paid PSB back all of its principal and an additional $700,000 in July 2014, just ten months after the loan was initiated, on April 20, 2017, PSB's attorneys obtained a Judgment by Confession against Bailey for another $7.1 million. Not surprisingly, numerous factual and legal problems plague PSB's wily bid to collect nearly $10 million on a $2 million loan that Bailey repaid almost three years ago.

But before reaching those underlying defects, this Court should find that the Judgment by Confession is void on its face for three independent reasons. ***First***, PSB could not bring its application to confess judgment in Cook County because it is not one of the three exclusive counties that the Illinois Code of Civil Procedure allows for confessing judgments. Bailey executed the underlying loan documents in Houston, Texas, and has never resided in Cook County. Nor does Bailey maintain any property, real or personal, in Cook County. As a result, the Judgment by Confession "has no force or validity, anything in the power to confess to the contrary notwithstanding." 735 ILCS 5/2–1301(c).

---

[1] On May 12, 2017, the Court entered an *Agreed Order of Stay Pursuant to 735 ILCS 5/2–1305* (the "Stay Order"), granting Defendants until June 9, 2017 to bring their motion to set aside or challenge the Judgment by Confession. On or before June 9, Bailey will separately file a Rule 276 motion to open the Judgment by Confession. Although a void judgment can be attacked at any time, *In re Marriage of Adamson & Cosner*, 308 Ill. App. 3d 759, 763–64 (2d Dist. 1999), Bailey brings this § 1301 motion now within the 30-day period prescribed in § 1301(e) for moving to set aside final orders or judgments.

*Second*, the amount of the supposedly outstanding debt on which PSB sought judgment is not ascertainable from the face of the underlying loan documents. Under established Illinois law, for a confession of judgment to be valid, the extent of the liability undertaken must be stated or ascertainable from the face of the instrument—without resort to extrinsic evidence. *Grundy Cty. Nat'l Bank v. Westfall*, 49 Ill.2d 498, 502 (1971). Here, PSB indisputably needed to—and actually did—rely on extrinsic evidence to establish Bailey's purported $7.1 million additional liability on the original $2 million loan (on which Bailey had already repaid at least $2.7 million).

*Third*, PBS's own attorney in these proceedings improperly confessed judgment on Bailey's behalf (without notifying Bailey). PSB did so citing *Citibank, N.A. v. Bearcat Tire, A.G.*, 550 F. Supp. 148 (N.D. Ill. 1982). But in 2010, the Illinois Supreme Court repealed and replaced the Illinois Rules of Professional Conduct. Under current Rule 1.7(b)(3), an attorney is categorically barred from simultaneous representation when it involves "the assertion of a claim by one client against another client represented by the lawyer in the same litigation…" Ill. R. Prof'l C. 1.7(b)(3). Such a conflict is "nonconsentable," so PSB's attorney was not an "attorney duly authorized" under § 1301(c) to confess judgment on Bailey's behalf.

## FACTS

**A.  BACKGROUND FACTS**

Mr. Bailey is a mass torts and personal injury lawyer in Houston, Texas and has resided in or near Houston for more than forty-five years. Affidavit of F. Kenneth Bailey, Jr. ("Bailey Aff."), ¶ 2 (Exhibit A). Bailey P.C. is a Texas professional corporation, registered in 1999, through which Mr. Bailey practices with the law firm of Bailey Peavy Bailey Cowan Heckaman PLLC. *Id.*, ¶ 2.

In 2013, Mr. Bailey was put in touch with Robert J. Bobb, Jr. ("Bobb") in connection with certain financing that Mr. Bailey was considering. In the fall of 2013, Bobb agreed to loan $2 million to Bailey. *Id.*, ¶ 3. The loan was originally documented in three instruments: (a) a Loan

and Security Agreement between PSB and Bailey P.C. (the "Loan Agreement"); (b) a Promissory Note by Bailey P.C. in favor of PSB (the "Promissory Note"); and (c) a Guaranty Agreement by Mr. Bailey with respect to the Loan Agreement and Promissory Note (the "Guaranty", and together with the Loan Agreement and the Promissory Note, the "Loan Documents"). *Id.*, ¶ 4. The Loan Documents were all prepared by attorneys representing PSB and/or Bobb and were transmitted to Bailey in Houston, Texas. *Id.*, ¶ 5.

In September 2013, Mr. Bailey executed each of the Loan Documents in Houston, Texas, and transmitted them back to PSB. *Id.*, ¶ 6. Bailey ultimately received the loan proceeds in Houston, Texas.[2] *Id.* Mr. Bailey does not reside in Cook County, Illinois. *Id.*, ¶ 11. Bailey P.C. is not an Illinois entity and maintains no place of business in this State. *Id.* Neither Mr. Bailey nor Bailey P.C. has ever owned any property, real or personal, in Cook County. *Id.*, ¶ 12.

In July 2014, just 10 months after executing the Loan Documents, Bailey paid $2.7 million to PSB on the loan. Nevertheless, PSB has continued to demand additional sums. *Id.*, ¶ 8.

**B.  PROCEDURAL POSTURE**

Without giving any notice to Bailey, on April 3, 2017, PSB commenced this action by filing a *Verified Complaint for Entry of a Judgment by Confession* (the "Complaint"). In the Complaint, PSB asserted: "Cook County is the proper venue for this action because the Defendants consented to venue in this Court pursuant to the Note and Guaranty." Compl. ¶ 7 (Exhibit B). PSB further alleged that "the Note has matured and payment has not been made." *Id.* ¶ 13. PSB made no mention of Bailey's payment of $2.7 million. *See generally id.* PSB alleged under oath that "[a]s of April 3, 2016, the total amount due and owing to PSB by [Bailey P.C.] is **$7,765,000.00**." *Id.* ¶ 21 (emphasis in original); *accord id.* ¶¶ 35, 49, 64 (repeating the allegation

---

[2] In fact, Bailey only received $1 million of the $2 million that was borrowed under the Loan Documents. *See* Bailey Aff. ¶ 6.

that PSB was owed $7.765 million).

With the Complaint, PSB submitted three Confession of Judgment documents, each signed by PSB's attorney, Lawrence W. Byrne, purportedly on Bailey's behalf. Compl. Exhibits 4, 6 & 7. Before executing and submitting these Confessions in this lawsuit, Mr. Byrne never informed Bailey that he was executing them on Bailey's behalf, and Bailey did not consent or otherwise authorize Mr. Byrne to do so. Bailey Aff. ¶ 9. PSB admitted that Mr. Byrne was PSB's attorney but cited *Citibank*, a 1982 case, to justify his execution of confessions of Bailey's behalf. Compl. ¶ 33.

On April 5, 2017, PSB filed a *Motion for Entry of Order of Judgment by Confession*, seeking a confessed judgment of $7.765 million. On April 18, 2017, apparently concerned about the amount of the judgment PSB sought, the Court entered and continued PSB's motion "for prove-up as to judgment amount and attorney's fees…" Order of Apr. 18, 2017 (Exhibit C). As the Court later noted, "it did catch my eye and it was a verified complaint, and I did have counsel walk me through it … [s]o I can appreciate how it seems as if 2 million should not be 7 million." Tr. of Proceedings, May 10, 2017, at pp. 7:22 to 8:3 (Exhibit D).

On April 19, PSB amended its original verified Complaint (the "Amended Complaint"), reducing the amount it claimed from Bailey by $640,000 to $7,125,000. Am. Compl. ¶¶ 21, 35,49, 64 (Exhibit E). Again, the Amended Complaint failed to make any mention of Bailey's payment of $2.7 million in July 2014.

On April 20, Mr. Byrne apparently appeared on PSB's behalf for the prove-up hearing and presented a spreadsheet in an effort to show how PSB calculated the $7,125,0000 amount it claimed to be owed. *See* Plaintiff's Response to Defendants' Emergency Motion to Stay ¶ 4 &

-4-

Ex. D (Exhibit F).[3]  Before April 20, PSB had never submitted this spreadsheet as part of its Complaint or otherwise.  On April 20, the Court entered the Judgment by Confession for $7.125 million- plus costs and over $38,000 in attorney's fees.

PSB and its lawyers said nothing to Bailey about these proceedings or the Judgment by Confession until May 2, when PSB's lawyer mentioned in an e-mail that PSB had "a confessed judgment which we are willing to discount in the event we receive significant progress on the payment of the debt…"  Bailey Aff. ¶¶ 9–10.  Bailey finalized engagement of the undersigned Illinois counsel over the weekend of May 6–7, and on May 9, filed an emergency motion to stay enforcement of the Judgment by Confession, which the Court heard on May 10.  On May 12, the Court entered the agreed Order of Stay.

## **ARGUMENT**

Under Illinois law, a confessed judgment may be challenged by, *inter alia*, a motion to vacate or set aside the judgment under 735 ILCS 5/2–1301(e),[4] and/or by moving to open the judgment under Supreme Court Rule 276.  These two mechanisms are distinct and not mutually exclusive.  A § 1301 motion challenges a confessed judgment that is void (when, for example, jurisdiction is lacking), whereas Rule 276 is the procedure for asserting a defense on the merits and obtaining a trial on the plaintiff's complaint.  *Goldberg v. Schroeder*, 10 Ill. App. 2d 186, 191 (1st Dist. 1956).  Bailey now brings his § 1301 motion and will separately move under Rule 276 within the period prescribed by the Order of Stay.  *See* note 1, *supra*.

Under § 1301, the Court may "on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." § 1301(e).

---

[3] For the avoidance of doubt, Bailey emphatically contests the amount of debt, if any, that PSB claims as still owing.
[4] After 30 days, a confessed judgment may also be attacked by a motion under 735 ILCS 5/2–1401.  *See Marriage of Adamson*, 308 Ill. App. 3d at 763–64 (void judgment can be attacked at any time).

"Judgments by confession are viewed circumspectly; the general rule constraining the power to confess judgment is such that authority must be clearly given and strictly followed, and a judgment entered in violation of this rule is void." *Oakland Nat. Bank v. Tomei*, 215 Ill. App. 3d 638, 640 (4th Dist. 1991). *See also Investors Comm'l Corp. v. Metcalf*, 13 Ill. App. 2d 99, 102 (1st Dist. 1957) ("In confessing a judgment the statute must be strictly complied with.").

Here, the Judgment by Confession should be set aside for three independent reasons, each of which renders the judgment void: (1) PSB could not bring an application to confess judgment in Cook County, because that is not one of the three exclusive counties prescribed under § 1301(c); (2) the amount of the confessed judgment could not be determined from the face of the Loan Documents; and (3) PSB's lawyer, Mr. Byrne, was not an "attorney duly authorized" to confess judgment on Bailey's behalf.

A. **THE JUDGMENT BY CONFESSION WAS ENTERED IN THE WRONG JURISDICTION AND IS THEREFORE INVALID.**

PSB's complaint alleged that "Cook County is the proper venue for this action because the Defendants consented to venue in this Court pursuant to the Note and Guaranty." Compl. ¶ 7; Am. Compl. ¶ 7. But Illinois' confession of judgment statute strictly confines the three possible counties in which an application to confess judgment "shall" be made:

> (c) Except as otherwise limited by this subsection (c) [inapplicable], any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process. The application to confess judgment *shall* be made in **[1]** the county in which the note or obligation was executed or **[2]** in the county in which one or more of the defendants reside or **[3]** in any county in which is located any property, real or personal, owned by any one or more of the defendants.

735 ILCS 5/2–1301(c) (emphasis added). "A judgment entered by any court in any county other than those herein specified has ***no force or validity, anything in the power to confess to the contrary notwithstanding.***" *Id.* (emphasis added). These venue requirements are jurisdictional,

-6-

so any judgment entered in any other venue is void. *See*, *e.g.*, *Wlodek v. Sedlacek*, 30 Ill. App. 2d 351 (1st Dist. 1961) (reversing denial of motion to vacate confessed judgment where statutory venue requirements were not met); *Solem Mach. Co. v. Georgia Lumber & Veneer Co.*, 18 Ill. App. 2d 547 (2d Dist. 1958) (holding that Circuit Court of Winnebago County was without jurisdiction to enter confession of judgment where note was not executed in Winnebago County and defendant did not reside there or own property there).[5]

None of the Loan Documents was executed in Cook County. Neither Mr. Bailey nor Bailey P.C. resides in Cook County. And Bailey owns no real or personal property in Cook County. The Judgment by Confession is, therefore, "without any force or validity, anything in the power to confess to the contrary notwithstanding." § 1301(c).

### 1. The Agreements were executed in Houston, Texas, not Cook County, Illinois.

As Bailey's Affidavit makes unequivocally clear, Bailey received the Loan Agreement, Promissory Note, and Guaranty in Houston, Texas, where he executed them, and returned them to Chicago, Illinois. Bailey Aff. ¶¶ 5–6. Under Illinois law, a note is delivered, and thus executed, when the "maker [*i.e.*, Bailey] parts with possession and loses all control over the papers and all right to retake or claim them"—such as by depositing the note in the mail. *Investors Comm'l Corp. v. Metcalf*, 13 Ill. App. 2d 99, 104 (1st Dist. 1957). *See also Solem Mach. Co.*, 18 Ill. App. 2d at 547 (holding that note was delivered and executed in Georgia because it was signed in Georgia and deposited in mail in Georgia, even though note was prepared in Illinois and payee was in Illinois); *Burr v. Beckler*, 264 Ill. 230, 236–37 (1914) (holding that note was delivered and executed in Florida because it was signed and deposited into the mail in Florida). This rule applies

---

[5] Removing any doubt about § 1301(c)'s strict venue proscriptions, Cook County's form complaint for confessions of judgment specifically instructs plaintiffs to strike the inapplicable venue provisions but notes that "at least one of said [three provisions] must remain." *See* Form CCG N010 (Exhibit G).

even if the date line in the instrument lists a different city. *See Investors Comm'l Corp.*, 13 Ill. App. 2d at 104–05 (affirming vacatur of confessed judgment where date line in note read Chicago, Illinois, but it had been signed and delivered in Paris, Illinois).

Thus, for purposes of § 1301(c), the Loan Documents were executed in Houston, Texas.

### 2. *Neither Defendant Resides in Cook County, Illinois*

For purposes of § 1301(c), one "resides" where he has his residence or abode; physical presence or periodic visits do not suffice. *Stokes v. Wells*, 144 Ill. App. 3d 714, 720 (1st Dist. 1986). Mr. Bailey resides in Houston, Texas, where he maintains his law practice and his primary personal residence. Bailey Aff. ¶ 11. Bailey P.C. is a Texas professional corporation that does not have any place of business in Cook County, Illinois. *Id.*, ¶ 11.

Accordingly, neither Defendant "resides" in Cook County, Illinois.

### 3. *Neither Defendant Owns Property in Cook County, Illinois*

Nor does Mr. Bailey or Bailey P.C. own any "property, real or personal" in Cook County, Illinois. *See* Bailey Aff. ¶ 12. With respect to the Court's question at the May 10 hearing suggesting that bank accounts accessible from locations within Illinois might be considered "property" under § 1301(c), that reading would disregard the statute's language requiring "real or personal" property to be "located" in the county.[6]

Consequently, the Judgment by Confession should be vacated because it was not obtained in any one of the three counties prescribed by § 1301(c) and is thus void.

**B.  THE AMOUNT OF THE CLAIMED LIABILITY IS NOT ASCERTAINABLE FROM THE FACE OF THE LOAN DOCUMENTS.**

The Judgment by Confession is also fatally flawed because the amount of claimed liability

---

[6] Moreover, such a construction would radically expand § 1301(c), essentially swallowing up the statute's limitation on venues in which applications to confess judgment could be brought: any county anywhere in the country with an ATM machine could conceivably become a proper venue.

cannot be ascertained from the face of the Loan Documents. Even assuming that the $7.1 million amount that PSB claims is correct (which Bailey contests), that could only be determined by resorting to extrinsic evidence. As the Illinois Supreme Court has held, for a confession of judgment to be valid, the extent of the liability undertaken must be stated or ascertainable from the face of the instrument, without resort to extrinsic evidence. *Grundy Cty. Nat'l Bank*, 49 Ill.2d at 502; *see also* 4 NICHOLS ILL. CIV. PRAC. § 70:10 (amount of judgment must be "readily determined by inspection or computation without requiring judicial inquiry for its ascertainment"). If the court needs to look outside the instrument to establish the amount of indebtedness, the confession of judgment is invalid. *Grundy Cty. Nat'l Bank*, 49 Ill.2d at 502; *see also State Nat'l Bank v. Epsteen*, 59 Ill. App. 3d 233, 235–36 (1st Dist. 1978) ("If the extent of liability can be established only by evidence de hors the instrument granting the power, the power to confess judgment is invalid and any judgment entered under the warrant is void.").

Each of the Loan Documents provides that Bailey's "indebtedness" includes a $2,000,000 "Loan," "Loan Fees," and so-called "Equity Participation" in "the Litigation."[7] Section 6 of the Loan Agreement defines the term "Equity Participation" as follows:

> Lender shall participate in the amount received (directly or indirectly) by BPB, Borrower or Guarantor from the recovery, if any, received by BPB's clients arising in connection with and/or derived from the Litigation, whether such recovery is received as a result of a settlement agreement, judgment award or otherwise, and any other legal fees, reimbursed expenses or amounts arising in connection with the Litigation ("Equity Participation" and collectively with the Loan, the Loan Fee and the Reimbursement Fees, the "Indebtedness"). The Equity Participation shall be One Million Dollars ($1,000,000) if it is paid to Lender by September 13, 2014. If the Equity Participation is not paid to Lender by September 13, 2014, the amount of the Equity Participation shall increase by One Hundred Thousand Dollars ($100,000) per month (or part thereof) thereafter.

Loan Agreement § 6. This provision's plain language makes the Equity Participation derivative

---

[7] For the avoidance of doubt, the so-called Equity Participation is invalid and unenforceable as a matter of law. But those merits-based defenses will be asserted in Bailey's subsequent Rule 276 motion.

of, and thus contingent upon, Bailey's receipt of an amount of "the recovery, if any, received by BPB's clients arising in connection with and/or derived from the Litigation" and/or "other legal fees, reimbursed expenses or amounts arising in connection with the Litigation." Section 6 further presumes that Bailey will receive (1) at least $1,000,000 in fees and/or recovery by September 13, 2014, and (2) additional amounts of fees and/or recovery sufficient to pay PSB an additional $100,000 per month in the event that Bailey does not pay Lender $1,000,000 by September 13.

PSB's complaint simply *assumed* that Bailey owed $3,400,000 pursuant to the Equity Participation provision—$1,000,000 plus $100,000 per month for 24 months. Plaintiff's Resp. to Defs.' Emergency Motion to Stay ¶ 4 & Ex. D (Exhibit F). But that amount plainly was not definite and certain from the face of the Loan Documents. In fact, without extrinsic evidence—specifically, records relating to the Litigation—it would be impossible for the Court to determine whether and, if any, how much could be due under the Equity Participation provision. For example, if Bailey received *nothing* in recovery or fees from the Litigation, the Equity Participation would be zero because there would be no "amount" for PSB to "participate in." Alternatively, if Bailey received only $500,000 by September 13, 2014, the Equity Participation due on September 13, 2014 could not exceed that amount. Because the amount due—if any—with respect to the Equity Participation provision could not be ascertained from the face of the Loan Documents, the Judgment by Confession is void and must be vacated. *E.g.*, *Mount Prospect State Bank v. Forestry Recycling Sawmill*, 93 Ill. App. 3d 448, 456 (1st Dist. 1980) (holding judgments by confessions void because the extent of liability could not be established without extrinsic evidence when it was "evident from the instruments that an initial loan could be completely paid off, other loans made, and the guarantors would still be liable for any amounts left unpaid on those other loans").

These are not hypotheticals. When the Loan Documents were executed in September 2014, none of the Transvaginal Mesh product liability cases comprising the "Litigation" had even settled—let alone generated fees. *See* Bailey Aff. ¶ 7. Moreover, even PSB was unable to properly prove up the amount of its supposed claim without resort to extrinsic evidence. Its original Complaint claimed $7,795,000. Compl. ¶ 21. But then, when the Court raised questions, PSB lowered this amount by $640,000 in its Amended Complaint. Am. Compl. ¶ 21. Even how that amount was calculated was could not be established from the Loan Documents. PSB submitted a further spreadsheet, which its lawyer had to walk the Court through, in order to explain its calculation. Plaintiff's Resp. to Defs.' Emergency Motion to Stay ¶ 4 & Ex. D.

Under *Grundy Cty. Nat'l Bank* and its progeny, the Judgment by Confession is void.

**C.    PSB'S ATTORNEY WAS NOT "DULY AUTHORIZED" TO CONFESS JUDGMENT ON BAILEY'S BEHALF.**

Only an "attorney duly authorized" may confess a judgment on a debtor's behalf, without process. § 1301(c). But the Confessions in this case were executed by PSB's attorney, Mr. Byrne. *See* Compl. Because Mr. Byrne has an inescapable and unwaivable conflict, he was not "duly authorized" to confess judgment for Bailey.

PSB admitted that Mr. Byrne was PSB's attorney but cited *Citibank, N.A. v. Bearcat Tire, A.G.*, 550 F. Supp. 148 (N.D. Ill. 1982), to justify his entry of confession of Bailey's behalf. In 2010, the Illinois Supreme Court repealed and replaced the Rules of Professional Conduct. Under the new Rule 1.7(b)(3), a lawyer cannot represent a client with a concurrent conflict of interest if the representation "involve[s] the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal." According to the comments to Rule 1.7, "[p]aragraph (b)(3) describes conflicts that are ***nonconsentable*** because of the institutional interest in vigorous development of each client's position when the

-11-

clients are aligned directly against each other in the same litigation or other proceeding before a tribunal." 2010 R. Prof. Conduct 1.7, comment 17 (emphasis added).

As a "nonconsentable" conflict, Mr. Byrne could not rely on the authorization language in the Loan Documents to confess judgment on Bailey's behalf in the same litigation for which he represented PSB.

Early cases such as *Citibank* and *Gecht v. Suson*, 278 N.E.2d 192 (1st Dist. 1971), permitted an attorney from the same firm as the creditor's attorney to sign a confession of judgment on a debtor's behalf. But those cases decided before the Illinois State Bar Association ("ISBA") issued Opinion 86–7 in 1986 (Exhibit H). There, ISBA interpreted former Rules 5–101(a) and 5–101(a), (c), and (d) as prohibiting an attorney from signing a confession of judgment when an attorney from the same firm represented the plaintiff. After the Supreme Court established Rule 1.7 in 2010, which more explicitly prohibited consents to simultaneous representation of clients directly aligned against each other in the same litigation, the Board of Governors affirmed Op. 86–7 "based on its general consistency with the 2010 Rules."

Recently, the court in *Bridgeview Bank Gr. v. Bay Group Health Care, LLC*, No. 13 L 50131 (Cir. Ct. Cook Cty. Jun. 29, 2015) (Exhibit I), after a long and protracted analysis of competing positions, concluded that Rule 1.7(b)(3)'s bar on concurrent representations applies in the confession of judgment context.[8]

Here, Mr. Byrne's concurrent representation of PSB and Bailey plainly contravened Rule 1.7(b)(3)'s bar on nonconsentable conflicts. The institutional interests underlying the Rule have

---

[8] A federal court in *Bay Group Health Care, LLC v. Ginsberg*, No. 15 C 0986, 2017 WL 770984 (N.D. Ill. Feb. 28, 2017), subsequently considered a related, but distinct, question of whether violating Rule 1.7(b)(3) could support a legal malpractice claim. Magistrate Judge Rowland concluded that it did not. *Id.* at *5. She expressly acknowledged she was deciding a question different from what *Bridgeview Bank* decided because there, the Circuit Court "was not concerned with a claim for legal malpractice…" *Id.*

already been illustrated in this case. Only after the Court raised questions about the amount PSB was seeking did it go back and reduce its claim by $640,000. *Compare* Compl. ¶ 21 *with* Am. Compl. ¶ 21. This is precisely the type of potential prejudice that underlies Rule 1.7's prohibition against simultaneous representation of directly adverse parties and renders void the confessed judgment in this matter. Accordingly, Mr. Byrne was not an "attorney duly authorized" under § 1301(c) to confess judgment on Bailey's behalf.

## CONCLUSION

As recognized in ample Illinois case law, this Court should treat any supposed confession of judgment by Bailey as circumspect. When the appropriate lens is applied to the analysis of PSB's efforts to obtain judgment in this case, it is apparent that the Judgment by Confession was entered in the wrong jurisdiction, in an amount only ascertainable by extrinsic evidence, and with a fatally conflicted attorney purporting to represent Bailey's interests. For all of these reasons, the Judgment by Confession should be vacated as void under 735 ILCS 5/2–1301.

Dated: January 3, 2018*

Respectfully submitted,

F. KENNETH BAILEY, JR., P.C., and
F. KENNETH BAILEY, JR.,

By: /s/ Suyash Agrawal
One of Their Attorneys

Suyash Agrawal
Paul Berks
MASSEY & GAIL LLP
50 E. Washington Street – Suite 400
Chicago, Illinois 60602
(312) 283-1590 main
sagrawal@masseygail.com
pberks@masseygail.com

*Attorneys for Defendants*

*Originally filed in state court on May 22, 2017.