IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PSB PARTNERS, LLC, a New Mexico limited liability company, | ) ) ) |
| Plaintiff, | ) Case No.: 17-cv-4180 ) |
| v. | ) Hon. John Z. Lee ) |
| F. KENNETH BAILEY, JR., P.C., a Texas professional corporation, and F. KENNETH BAILEY, JR., an individual, | ) Magistrate Judge Michael T. Mason ) ) ) |
| Defendants. | ) |

## MOTION TO WITHDRAW

Suyash Agrawal and Hillary Coustan, all attorneys associated with Massey & Gail LLP (together, in the singular, "M&G") seek leave to withdraw from these proceedings as counsel for F. Kenneth Bailey, Jr., P.C., a Texas professional corporation, and F. Kenneth Bailey, Jr., an individual (together, in the singular, "Bailey"), and to secure a 21-day continuance on Plaintiff's Motion to Extend Discovery to enable Bailey to secure new counsel. In support of this Motion, M&G states as follows:

### PROCEDURAL POSTURE

1. On April 20, 2017, Plaintiff PSB Partners, LLC ("PSB") obtained an *ex parte* judgment by confession in the Circuit Court of Cook County, Illinois against Bailey for more than $7 million. After learning about the state court's judgment May 2, 2017, Bailey retained M&G to defend it.

2. On June 1, 2017, M&G, on Bailey's behalf, removed the action to this Court. Remand Order [24] at 1. PSB moved to remand, which this Court denied. Remand Order [24] at 4.

3. Following denial of PSB's motion to remand, M&G, on Bailey's behalf, moved to vacate the state court judgment by confession [42, 43], which the parties briefed, *see* [44, 48]. On May 18, 2018, this Court granted Bailey's motion and vacated the April 20, 2017, judgment by confession. Vacatur Order [51] at 4.

4. PSB subsequently filed its Second Amended Complaint [58], and the parties commenced discovery. PSB then moved to dismiss and strike certain of Bailey's counterclaims and affirmative defenses [66, 67], as well as for partial judgment on the pleadings [85]. In an order dated March 7, 2019, the Court denied PSB's motion for partial judgment on the pleadings, dismissed two of Bailey's four counterclaims, and struck five of its thirteen affirmative defenses. Order [109].

5. In a joint status report dated May 10, 2019, the parties informed the Court that depositions of all parties plus Darlene Bobb were scheduled for mid-May and early June 2019. [120 ¶ 1.]

6. M&G represented Bailey in a settlement conference on April 25, 2019, which Bailey attended. But the parties were unable to resolve the matter. [119.]

7. On May 16, 2019, the parties executed a Mutual Release and Settlement Agreement. Under that agreement, Bailey was supposed to make the first of two settlement payments by May 31, 2019. The Agreement further provided that it would be null and void in the event of Bailey's non-payment.

8. Bailey failed to make the first required payment by May 31, 2019. On June 12, 2019, PSB filed a motion to, *inter alia*, extend oral fact discovery to August 1, 2019. PSB's Motion is scheduled for hearing on Wednesday, June 19, 2019.

**ARGUMENT**

9. "An attorney seeking to withdraw must establish that his client consents *or* that a valid and compelling reason exists for the court to grant the motion over an objection." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 816 (7th Cir. 2017) (emphasis added) (citation omitted). In this case, M&G can establish both consent as well as a valid and compelling reason for withdrawal.

10. As an initial matter, Bailey—an attorney—has consented to M&G's withdrawal. *See* K. Bailey email to S. Agrawal, dated June 18, 2019, attached as Ex. A. Withdrawal is thus appropriate on this basis, alone.

11. Moreover, M&G has valid and compelling reasons to withdraw. The American Bar Association's Model Rules of Professional Conduct, which have been adopted by this Court through L.R. 83.50, provide that a lawyer may withdraw from representing a client if "withdrawal can be accomplished without material adverse effect on the interests of the client" or if "other good cause" exists. ABA Model Rule 1.16(b)(1), (7). Both of those circumstances apply here.

12. First, withdrawal would not adversely impact Bailey's interests (or those of any other party, for that matter). Not only has Bailey consented, but there is currently no summary judgment motion deadline and no trial date scheduled for this case.[1] With the exception of some outstanding document requests that PSB owes Bailey, written discovery is essentially complete. Oral depositions (including F. Kenneth Bailey, Jr., P.C.'s Rule 30(b)(6) deposition) do remain. For the avoidance of doubt, Bailey has compelling defenses to PSB's claims, many of which have

---

[1] Notably, although this case originally began when PSB filed it in state court in April 2017, discovery in this action did not actually commence until late June 2018 after PSB filed its second amended complaint. [59]

been previewed in briefing on Bailey's motion to vacate, as well as in Bailey's oppositions to PSB's three Rule 12 motions. *See* Order [109.]

13. Given a reasonable period of time to secure new counsel, Bailey should be able to complete fact discovery, dispositive motion practice, and trial preparation without incident. The matter would thus proceed apace without prejudice to Bailey's interests. *See Furlow v. City of New York*, No. 90 Civ. 3956, 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (permitting withdrawal and holding that case's resolution would not be delayed substantially where document discovery was complete, but depositions had not been taken and "action [wa]s not trial ready"). Importantly, as noted above, Bailey's consent to M&G's withdrawal confirms that withdrawal is not against his interests.

14. Although the Court need not consider M&G's alternative "good cause" basis for withdrawal, those grounds also justify granting M&G's motion. There has been an irreconcilable breakdown in both communication and M&G's attorney-client relationship with Bailey. Courts in this circuit recognize that such a situation establishes "good cause" for withdrawal. *See City of Joliet v. Mid-City Nat. Bank of Chicago*, 998 F. Supp. 2d 689, 693 (N.D. Ill. 2014) (holding that breakdown in attorney-client relationship arising from client's threat of malpractice lawsuit constituted "good cause" to withdraw under Rule 1.16(b)(7)); *Barbee v. L. Fish Furniture Co.*, No. 1:05-cv-00550, 2006 WL 3201938, at *2 (S.D. Ind. May 4, 2006) (describing "irreconcilable breakdown in the attorney-client relationship" as one example of "good cause" under Rule 1.16(b)(7)). *See also* ABA Model Rule 1.16(b)(6) (permitting withdrawal if the representation has been "rendered unreasonably difficult by the client"); Ill. Rule of Prof. Conduct 1.16(b)(6) (same).

15. In recent months, including from before the failed settlement conference—and despite M&G's very best efforts—Bailey has been non-responsive to numerous communications by counsel and/or has not responded timely. M&G has made clear that such a breakdown in communication may damage Bailey's interests and impede M&G's ability to effectively represent him. Moreover, Bailey has taken steps contrary to M&G's recommended course of action.

16. Given the confidentiality of the attorney-client relationship, M&G cannot publicly divulge specific, privileged communications documenting its irreparable attorney-client relationship with Bailey. Nevertheless, if the Court desires, M&G can make an appropriate *in camera* showing to satisfy any concerns that the Court may have. *See Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp. 3d 155, 159 (D.D.C. Nov. 29, 2016) (granting counsel's motion to submit declaration under seal for *in camera* review so that court could "ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97–9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

17. Having demonstrated consent, good cause, and that withdrawal prior to the close of fact discovery would not prejudice Bailey, M&G requests that the Court permit it to withdraw from this case and grant Bailey twenty-one (21) days to retain substitute counsel before proceeding on PSB's Motion to Extend Discovery.

18. In accordance with Local Rule 83.17, this district's Notification of Party Contact Information containing Bailey's contact information is attached as Ex. B hereto.

**CONCLUSION**

WHEREFORE attorneys Suyash Agrawal and Hillary Coustan respectfully requests that this Court permit them to withdraw as Bailey's counsel and grant Bailey twenty-one days to secure new counsel before proceeding on Plaintiff's Motion to Extend Discovery.

Dated:  June 18, 2019

Respectfully submitted,

F. KENNETH BAILEY, JR., P.C., and
F. KENNETH BAILEY, JR.,

By: _/s/ Suyash Agrawal_____
One of Their Attorneys

Suyash Agrawal
Hillary Coustan
MASSEY & GAIL LLP
Cook County Firm No. 56232
50 E. Washington Street – Suite 400
Chicago, Illinois 60602
(312) 283-1590 main
sagrawal@masseygail.com
hcoustan@masseygail.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 18, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ Suyash Agrawal

      Suyash Agrawal